LAW OFFICES OF DONALD M. BARKER
By: Donald M. Barker, CA SBN 145464
2151 Michelson Drive, Suite 140
Irvine, CA, 92612
Tele: 949-278-3655
Email: Lawbarker40@gmail.com
Attorney for Defendant/Counter-Complainant Posh Hair Salon, Inc.

LAW OFFICE OF JOSHUA A. BURT
By: Joshua Alan Burt, CA SBN 222302
200 E. Santa Clara Street, Suite 220
Ventura, CA 93001
Tele: 805-652-1211
Email: joshuaburt@burtlegal.com
Attorney for Plaintiffs/Counter-Defendants Doshacare, Inc. & Performance Branding Services

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| DOSHACARE, INC., a Delaware corporation; and PERFORMANCE BRANDING SERVICES, a California limited liability company, | Case No. CV 11-1322 GAF (FMOx) |
| Plaintiffs, | **CONSENT DECREE PURSUANT TO STIPULATION** |
| VS. | |
| POSH HAIR SALON, INC., a Colorado Corporation, | |
| Defendant. | |
| Related Cross-Claims: POSH HAIR SALON, INC., a Colorado Corporation, | |
| Cross-Complainant, | |
| VS. | |
| DOSHACARE, INC., a Delaware corporation; and PERFORMANCE BRANDING SERVICES, a California limited liability Company, and Does 1-10, | |
| Cross-Defendants. | |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree that has been executed on behalf of Plaintiffs and Counter-Defendants Doshacare, Inc. and Performance Branding Services (collectively "Plaintiffs"), on the one hand, and Defendant Posh Hair Salon, Inc. ("Defendant"), on the other hand, and good cause appearing therefore, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action, and based upon such Consent Decree, IT IS ORDERED, ADJUDGED AND DECREED that:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), and 15 U.S.C. § 1121. Service of process was properly made against Defendant.

2)     Defendant is the owner of all rights in and to the United States trademark registration of the "DOSHA" mark with USPTO Serial No. 77/089,537 and Registration No. 3848130) ("Defendant's Mark").

3)     Defendant has alleged that Plaintiffs have made unauthorized uses of Defendant's Mark or substantially similar likenesses or colorable imitations thereof.

4)     Plaintiffs and any business that they own, in whole or a majority of, and any business or person that Plaintiffs control or that acts in concert or participates with Plaintiffs, or either of them, and who receive actual notice of the injunction are hereby restrained and enjoined from:

    a)     Infringing Defendant's Mark, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, offering for sale, renting, or offering to rent any unauthorized product which features any of Defendant's Mark ("Unauthorized Products"), and, specifically:

        i)     Importing, manufacturing, distributing, advertising, selling, renting, offering to rent, or offering for sale, the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Defendant's Mark;

        ii)    Importing, manufacturing, distributing, advertising, selling, offering for sale, renting or offering to rent in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Defendant's Mark;

        iii)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Plaintiffs' customers and/or members of the public to believe, the actions of Plaintiffs, the products sold or offered by Plaintiffs, or Plaintiffs themselves are connected with Defendant, are sponsored, approved or licensed by Defendant, or are affiliated with Defendant; or

        iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Defendant.

b)    Using "DOSHACARE" and its variations as a business name or as a trademark, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, offering for sale, renting, or offering to rent any unauthorized product which features "DOSHACARE" or its variations.

5)    This injunction only enjoins Plaintiffs from using the "DOSHA" mark or any mark confusingly similar to it in a trademark sense.  Plaintiffs may continue to use the term "dosha" to describe or reference Ayervedic principles so long as the use is done in the same font and font size as the surrounding text.

6)    The injunction order set forth in paragraph 4), above, shall become effective as of April 24, 2013.

7)    Each side shall bear its own fees and costs of suit.

8)  This Consent Decree shall be deemed to have been served upon Plaintiffs at the time of its execution by the Court.

9)  The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree against Plaintiffs.

10)  The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

11)  Except as provided herein, all claims alleged in the Complaint and Cross-Complaint are dismissed with prejudice.

THE CLERK IS DIRECTED TO ENTER THIS JUDGMENT FORTHWITH.

IT IS SO ORDERED.

Dated: March 30, 2013                       _____

Hon. Gary A. Feess
United States District Court Judge

## **CONSENTS**

The undersigned hereby consent to the entry of the Consent Decree Pursuant to Stipulation.

Dated: _____, 2013          **Doshacare, Inc.**

_____

By: _____

Title: _____

DOSHACARE v. POSH HAIR: CONSENT DEGREE                          Page 4

1
2
3  Dated: _____, 2013          **Performance Branding Services**
4
5                                   _____
6                                   By: _____
7                                   Title: _____
8
9
10 Dated: _____, 2013          **Posh Hair Salon, Inc.**
11
12
13                                  _____
14                                  By: _____
15                                  Title: _____
16
17
18
19
20
21
22
23
24
25
26
27
28